```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

ROMULO DEL PRADO, ET AL.      §
                              §
v.                            §     CIVIL NO. 4:05-CV-234-Y
                              §
B.N. DEVELOPMENT COMPANY, INC. §
```

### ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT, DENYING STAY, AND GRANTING MOTION TO DISMISS

Pending before the Court are Plaintiffs' Motion for Leave to File a Second Amended Complaint [doc. #227], Defendants' Motion to Dismiss [doc. #205], and Plaintiffs' Motion to Stay Resolution of Defendants' Motion for Judgment on the Pleadings [doc #209]. Because the Court concludes that the amendment sought by Plaintiffs would be futile, the Court DENIES the motion for leave. Additionally, because the Court concludes that Plaintiffs' claim is time barred, the Court GRANTS Defendants' motion to dismiss. Finally, because the motion for stay requests that this Court stay resolution of the motion to dismiss until the United States Court of Appeals for the Ninth Circuit has entered a final decision in related litigation, and because the Ninth Circuit now has done so, the motion for stay is DENIED as MOOT.

I.  Background

On February 3, 1995, a judgment ("the MDL judgment") was entered in favor of a class of human-rights victims in a multidistrict proceeding in the United States District Court for the District of Hawaii against Ferdinand Marcos and his estate. *See Estate of Ferdinand E. Marcos Human Rights Litigation*, MDL 840; *see also Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996). The

Ninth Circuit's opinion affirming the MDL judgment issued as mandate on January 8, 1997. *See generally Hilao*, 103 F.3d 767. The plaintiff class in the mutidistrict litigation registered the MDL judgment in the United States District Court for the Northern District of Illinois in January 1997 ("the Illinois judgment"). In April 2005, the MDL judgment was registered in this Court and a complaint filed seeking to execute and foreclose upon real property situated in Texas and allegedly beneficially owned by the Marcos Estate. The defendants are corporations that allegedly hold legal title to the Texas properties.

On June 5, 2006, after being notified by Defendants that they believed the MDL judgment had expired pursuant to Hawaii law, Plaintiffs filed a motion in the District of Hawaii to extend the MDL judgment for ten years. Defendants then filed a motion in this Court to dismiss Plaintiffs' complaint, arguing that the Hawaii ten-year statute of limitations, as applied by way of the Texas borrowing statute, TEX. CIV. PRAC. & REM CODE 16.066(a), barred the enforcement action. Defendant Revelstroke Investment Corporation, Inc., which had attempted to intervene in Plaintiffs' action to extend the MDL judgment, appealed the District Court for Hawaii's decision to extend the judgment. This Court, on August 3, entered an order partially granting Plaintiffs' motion to stay Defendants' motion for judgment on the pleadings pending the Ninth Circuit's decision on the appeal of the District of Hawaii's decision to extend the MDL judgment. A panel of the Ninth Circuit vacated the order of exten-

sion on July 31, 2008, and Plaintiffs' petition for rehearing en banc was denied on September 11. *See Hilao*, 536 F.3d at 987-90.

After the Ninth Circuit's decision, Plaintiffs sought to revive the Illinois judgment. The Northern District of Illinois granted their petition to revive and, after the revival became final, Plaintiffs registered the revived Illinois judgment in this Court, as well as in a Texas state court, on October 7 and 10, 2008, respectively. Plaintiffs now seek to amend their petition in order to base the enforcement action pending in this Court on the registered Illinois judgment, rather than the underlying MDL judgment. Defendants oppose the motion, arguing that the Illinois judgment may not be registered under 28 U.S.C. § 1963. As discussed more fully below, the Court agrees.

II. Discussion

    A. Leave to Amend

        1. Standard Under Rule 15(a)

Under Federal Rule of Civil Procedure 15(a), a "court should freely give leave [to file amended pleadings] when justice so requires." FED. R. CIV. P. 15(a). Unless the party opposing the motion for leave comes forward with a reason, the motion should be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Nevertheless, the decision of whether to grant leave remains within the discretion of the trial court. *See id.* In making its decision, a district court may consider various factors, including the futility of the requested amendment, the moving party's failure to cure

deficiencies with previous amendments, undue delay in seeking leave to amend, or bad faith in seeking leave. *See id.; see also United States ex rel. Marcy v. Rowan Co.*, 520 F.3d 384, 392 (5th Cir. 2008).

    2.  Analysis

At the outset, the Court notes that Plaintiffs' motion to amend could be denied on the grounds that, contrary to the requirements set out in 28 U.S.C. § 1963 for the registration of the judgment of another federal district court, no certified copy of the Illinois judgment has been filed with this Court. The Court has received a copy of the order of the Northern District of Illinois granting Plaintiffs' petition to revive, pursuant to Illinois law, the judgment registered with that court. [See Plaintiff's Notice to the Court of Newly Registered Judgment, doc. #224, App. at 1-3.] Under Illinois law, however, a revival is not itself a new judgment. *First Nat'l Bank v. Adkins*, 650 N.E.2d 277, 279 (Ill. App. Ct. 1995) ("The revival of a judgment is not the creation of a new judgment, but rather a continuation of the judgment revived."). Section 1963 has not, therefore, been complied with.

However, to avoid attempts by Plaintiffs to file a certified judgment and relitigate the motion for leave to amend, the Court will addresses their arguments now. In their motion for leave, Plaintiffs argue that, pursuant to § 1963 and Illinois state law, once the MDL judgment was registered in Illinois it became an Illinois judgment for all purposes. In turn, according to Plain-

tiffs, pursuant to § 1963 and Texas state law, registration of the Illinois judgment in the Texas state court created a Texas state-court judgment enforceable in this Court.

Plaintiffs are incorrect in asserting that state law provides the rule of decision regarding their registrations of judgment in this case. The MDL judgment was the judgment of a federal district court--the United States District Court for the District of Hawaii. Although a federal court may borrow a state's registration procedures where a civil action to enforce a state-court judgment has been filed based on diversity jurisdiction, § 1963 provides the sole authority for the registration of the judgment of one federal court with another federal court. *Cf. Caruso v. Perlow*, 440 F. Supp. 2d 117, 119 (D. Conn. 2006) (concluding, in the context of an attempt to register a state-court judgment, that Congress's express provision for registration of judgments in § 1963 precluded the use of state-law registration procedures); *see United States v. Febre*, 1992 U.S. App. LEXIS 26388, at *8-10 (7th Cir. Oct. 15, 1992) (collecting cases to demonstrate that registration is governed by federal law and enforcement is governed by the law of the forum state and distinguishing between registration under § 1963 and Illinois law).

Indeed, Plaintiffs have produced no authority by which a federal court could look to state law in registering the judgment of another federal court. Thus, to the extent that Plaintiffs argue that this Court should recognize the registration of the MDL judgment in the Northern District of Illinois as a new judgment based on Illinois state law, such argument is without merit. *Cf. Caruso*,

5

440 F. Supp. at 119; *also cf. Sephus v. Gozelski*, 864 F.2d 1546, 1548 (11th Cir. 1989) (concluding that § 1963 does not provide authority to address challenges to the execution of property under a registered judgment based on state law); *Euro-Am. Coal Trading, Inc. v. James Taylor Mining*, Inc., 431 F. Supp. 2d 705, 708 (E.D. Ky. 2006) (noting that § 1963 lists only federal courts and describing as jurisdictional this limitation). Similarly, Plaintiff's argument that registration of the Illinois federal judgment in a Texas state court created a state-court judgment enforceable in this Court under § 1963 is without merit. Assuming the Illinois judgment was properly registered in a Texas court pursuant to Texas law, in order to enforce such judgment in this Court, Plaintiffs must bring a separate action properly invoking federal jurisdiction. *See Fox Painting Co. v NLRB*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade."); *see also Caruso*, 440 F. Supp. 2d at 119 (concluding that the holder of state-court judgment could not rely on § 1963 but instead, "to have [the judgment] enforced in federal court must fall back upon the traditional . . . strategy of bringing a civil action on the state-court judgment by invoking, for example, the diversity jurisdiction of the federal court").

Next, assuming that the MDL judgment was properly registered in the Northern District of Illinois pursuant to federal law, the question becomes whether such registration created a new judgment

that could then be registered in this Court.  Section 1963 provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963.  Plaintiffs argue that, as a result of the last sentence of the quoted language, their registration of the MDL judgment in the Northern District of Illinois created a completely new judgment that, in turn, could be registered in this Court despite the fact that the statute of limitations applicable to the MDL judgment has run.

Section 1963's plain language does not, however, support the sort of piggy-backing, or, more formally stated--successive registration of registered judgments--that Plaintiffs are attempting.  That section allows for the registration of a "judgment in an action for the recovery of money or property entered" in any district court, after such "judgment has become final by appeal or expiration of the time for appeal."  This language demonstrates that it is the initial judgment on the merits from the rendering court--i.e., the "judgment in an action for the recovery of money or property"--that may be registered.  *See Powles v. Kandrasiewicz*, 886 F. Supp. 1261, 1263 (W.D.N.C. 1995) (concluding registration under § 1963 "does not constitute an action, defined in the legal sense as a lawsuit brought in court, to sue or be sued, defined as commencing or to

continue legal proceedings for recovery of a right") (citations omitted); *see also Home Port Rentals v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 405 (5th Cir. 2001) (speaking of the judgment subject to registration under § 1963 as "a money judgment of the rendering court"). Further, it could not seriously be contended that when a clerk enters the judgment of another district court on the docket of his own court he has created a final judgment that may be appealed pursuant to 28 U.S.C. § 1291. *See* 28 U.S.C. § 1963 (allowing registration only after the rendering court's judgment is final); *also compare Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 395 (5th Cir. 2001) (noting that "the scope of a registering court's power to alter or amend judgments rendered by another court through Rule 60(b) is uncertain) *with* Fed. R. Civ. P. 60(b) (granting a court authority to relieve parties from the effect of final judgment).

Plaintiffs also support their argument with language from various cases discussing whether registration under § 1963 creates a new judgment in the registering court. For instance, in one of the earliest cases addressing the effect of registration, the United States Court of Appeals for the Eighth Circuit, in an opinion by then Judge Blackmun, "concluded that § 1963 is more than 'ministerial' and is more than a mere procedural device for the collection of the foreign judgment." *See Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965). The court in *Stanford* further states, "registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court." *Id.* But, contrary

to Plaintiffs' arguments, the court in *Stanford* did not go so far as to allow a federal judgment to take on an indefinite life by a plaintiff's use of § 1963's registration procedures. The specific question of whether a registered judgment could itself be registered was reserved, with the court holding simply that a registered judgment is a new judgment "for enforcement purposes" in the forum of the court in which it is registered. *See id.* at 268, 271; *see also Home Port Rentals*, 252 F.3d at 405. As the United States Court of Appeals for the Fifth Circuit stated in *Home Port Rentals*, a judgment "remains registerable for as long as it is 'live,' i.e., enforceable, *in the rendering state*," *Home Port Rentals*, 252 F.3d at 409 n.26 (emphasis added).

Other language within the *Home Port Rentals* opinion also indicates that the effect of registration as a new judgment is specific to the forum of registration for enforcement purposes. The court explains "once a *money judgment of the rendering court* is timely registered in another district court pursuant to § 1963 at a time when enforcement of that judgment is *not time-barred in either jurisdiction*, the subsequent expiration of the rendering court's statute of limitations has no effect whatsoever on enforcement of the judgment *in the district of the registration court*." *Id.* at 405 (emphasis added).

The Ninth Circuit's ruling in *Hilao,* lends further support to a conclusion that a registered judgment's effectiveness as a new judgment is limited to enforcement in the forum of registration. In their appeal to the Ninth Circuit, Plaintiffs contended, inter

9

alia, that the MDL judgment "was renewed, and thus extended, every time it was registered in another court." *Hilao*, 536 F.3d at 987. In rejecting this argument, the Ninth Circuit states that "[t]he effect [of § 1963] is to allow *that* judgment, i.e., the newly registered judgment, to be enforced for the period allowed by the law of *that* forum, i.e., the state of registration, *if* the judgment were live, and thus registerable, at the time when it was registered." *Id*. at 989 (emphasis in original); *also cf. Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000) ("[S]ec[tion] 1963 does not say that the original judgment becomes a local one; it says that the original judgment has the effect of a local judgment.").

Plaintiffs also cite the United States Supreme Court's decision in *Watkins v. Conway* as support for their use of § 1963. In *Watkins*, the holder of a Florida state-court judgment attempted to enforce that judgment by suit in a Georgia state court. *See Watkins v. Conway*, 385 U.S. 188, 188 (1966). The Georgia trial court granted summary judgment in favor of the defendant based on Georgia's five-year statute of limitations on foreign judgments. *See id.* at 188-89. The plaintiff challenged the Georgia statute, arguing that it "was inconsistent with the Full Faith and Credit and Equal Protection Clauses of the Federal Constitution" in that it provided for a shorter limitations period for foreign judgments than for domestic. *Id.* at 189. In rejecting the plaintiff's argument, the Supreme Court notes that the Georgia law bars the enforcement of a foreign judgment only when such judgment cannot be revived

10

under the law of the state where it was originally obtained. *See id.* Thus, far from standing for the broad proposition that the effect of statutes of limitation can be avoided by successive registration of a judgment, *Watkins* merely holds that a state's imposition of a shorter statute of limitations on foreign judgments does not violate full-faith-and-credit or equal-protection principles if the statute allows enforcement of the judgment once revived under the rendering state's law. And, as held by the Ninth Circuit in *Hilao*, Hawaii law bars enforcement of the MDL judgment and extension or "revival" of that judgment is not proper. *See Hilao*, 536 F.3d at 987-990. *Watkins*, therefore, has no application to this case.

Ultimately, § 1963 may in fact allow registration of the rendering court's judgment in more than one district. *See Elite Erectors, Inc.*, 212 F.3d at 1034. But the *Stanford*, *Home Port Rentals,* and other courts to have addressed the issue acknowledge "[t]hat the registered judgment might not be congruent with a new judgment of the registration court for every purpose other than enforcement." *Home Port Rentals*, 252 F.3d at 405. The Court concludes that this is such a case. Although the argument before the Ninth Circuit (whether registration extended the statute of limitations that was applicable in the rendering court) is different than that before this Court (whether a registered judgment may itself be registered despite the running of the statute of limitations in the rendering court) the concern is the same. "In effect, [Plaintiffs'] position is that a federal judgment is free of state limitations and

can be enforced forever." *Hilao*, 536 F.3d at 987. Absent clear language in the section or binding precedent requiring it to do so, the Court will not give § 1963 such an unbounded effect. Given this conclusion, Plaintiffs' desired amendment is futile. Their motion to amend is, therefore, DENIED. *See Rowan Co.*, 520 F.3d at 392 (district court may consider futility of amendment in decision to grant leave under Rule 15).

B. Defendants' Motion to Dismiss

Having concluded that Plaintiffs may not amend their pleadings and having received timely notice of the Ninth Circuit's decision to vacate the District of Hawaii's extension of the MDL judgment, the Court now turns to Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

1. Standard for Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). As a result, "[a] motion to dismiss for failure to state a claim is

viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting Wright & Miller, *Federal Practice and Procedure* § 1357 (1969)). The Court must accept as true all well pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum*, 677 F.2d at 1050. The Court must also "limit [its] inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 & 1974 (2007).

### 2. Analysis

In their motion, Defendants argue that Plaintiffs' attempts to enforce the MDL judgment in this Court are time barred. Section 1963 allows a judgment of one district court to be registered in another, so long as the judgment is not time barred in either the rendering or registering jurisdiction. *See Home Port Rentals*, 252

F.3d at 405. As discussed above, in *Hilao*, the Ninth Circuit held that the MDL judgment has expired under Hawaii law and that it is too late for Plaintiffs to seek an extension of the judgment. *See Hilao*, 536 F.3d at 987; *see also Home Port Rentals*, 252 F.3d at 409 (noting, under § 1963, that a judgment "remains registerable for as long as it is 'live,' i.e., enforceable in the rendering state"). Further, under Texas Civil Practice and Remedies Code § 16.066(a) "[a]n action on a foreign judgment is barred in this state if the action is barred under the laws of the jurisdiction where rendered." Tex. Civ. Prac. & Rem. Code § 16.066(a); *see also Hilao*, 536 F.3d at 988 (collecting cases and noting "the Rules of Decision Act, 28 U.S.C. § 1652 requires application of state statutes of limitations unless a timeliness rule drawn from elsewhere in federal law should be applied"). The MDL judgment is, therefore, barred in both this jurisdiction and in the jurisdiction where it was rendered and, as a result, may not be registered for enforcement in this Court. *See* 28 U.S.C. § 1963; *see also Home Port Rentals*, 252 F.3d at 405.

Plaintiffs' arguments in response to these conclusions were fully litigated before the Ninth Circuit and may not be relitigated here. *See Next Level Communs. L.P. v. DSC Communs. Corp.*, 179 F.3d 244, 255-56 (5th Cir. 1999) (citing Restatement (Second) of Judgments § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.")). Finally, as discussed in detail above,

Plaintiffs may not avoid the effect of the Hawaii statute of limitations or the Ninth Circuit's decision in *Hilao* by registering the Illinois judgment in this Court under § 1963. Because Plaintiffs' enforcement action is time barred, the Court GRANTS Defendants' motion to dismiss.

III. Conclusion

In light of the foregoing, the Court concludes that Plaintiff's desired amendment would be futile. Further, the Court concludes that Plaintiffs' enforcement action is time barred as stated in the Ninth Circuit's opinion in *Hilao*. Accordingly, Plaintiffs' motion to amend is DENIED and Defendants' motion to dismiss is GRANTED. Plaintiffs' motion to stay is DENIED as MOOT.

SIGNED January 9, 2009.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE